**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**AIDA RIVERA,**

                                        **Plaintiff,**

                        **v.**                                        **5:15-CV-1445**
                                                                      **(FJS)**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                                        **Defendant.**
_____

| | |
|---|---|
| **APPEARANCES** | **OF COUNSEL** |
| **LAW OFFICES OF STEVEN**<br>**R. DOLSON, PLLC**<br>126 North Salina Street, Suite 3B<br>Syracuse, New York 13202<br>Attorneys for Plaintiff | **STEVEN R. DOLSON, ESQ.** |
| **SOCIAL SECURITY ADMINISTRATION**<br>**OFFICE OF REGIONAL**<br>**GENERAL COUNSEL – REGION II**<br>26 Federal Plaza – Room 3904<br>New York, New York 10278<br>Attorneys for Defendant | **EMILY M. FISHMAN, ESQ.** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Aida Rivera brought this action pursuant to the Social Security Act, 42 U.S.C.

§ 405(g) ("Act"), seeking judicial review of a final decision of the Commissioner of Social

Security (the "Commissioner"), denying her application for benefits.  *See generally* Dkt. Nos. 1, 10.  Currently before the Court are the parties' cross-motions for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  *See* Dkt. Nos. 10, 12.

## II. PROCEDURAL HISTORY AND BACKGROUND

Plaintiff applied for benefits on February 21, 2012, alleging disability as of January 1, 2010.  *See* Administrative Record ("AR") at 171.  The Social Security Administration denied Plaintiff's applications on April 5, 2012.  *See id.* at 103.  Plaintiff filed a timely request for a hearing on April 10, 2012.  *See id.* at 101-02.  A video hearing was held on February 14, 2014, before Administrative Law Judge Lisa B. Martin ("ALJ").  *See id.* at 46.  Attorney Steven R. Dolson represented Plaintiff at the hearing.  *See id.* at 47.

On March 26, 2014, the ALJ issued a written decision in which she made the following findings "[a]fter careful consideration of the entire record . . . ."

1) Plaintiff had not "engaged in substantial gainful activity since January 1, 2010, the alleged onset date."
2) Plaintiff "has the following severe impairments: cervical and lumbar spine disorders, chronic hip bursitis, history of hernia with surgical repair, rheumatoid arthritis, and obesity."
3) Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1."
4) "After careful consideration of the entire record, I find that [Plaintiff] has the residual functional capacity to perform a full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)," with certain exceptions.
5) "[Plaintiff] is capable of performing past relevant work as an interpreter.  This work does not require the performance of work-related activities precluded by [Plaintiff's] residual functional capacity."
6) Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 1, 2010, through the date of this decision."

*See* AR at 18-23 (citations omitted).

The ALJ's decision became the Commissioner's final decision on November 6, 2015, when the Appeals Council of the Social Security Administration denied Plaintiff's request for review. *See* AR at 4-6. Plaintiff then commenced this action on December 4, 2015, filing a supporting brief on May 3, 2016. *See* Dkt Nos. 1, 12. Defendant filed a response brief on May 25, 2016. *See* Dkt. No. 19.

In support of her motion, Plaintiff argues that the ALJ erred by determining that she could return to past relevant work as an interpreter because that work does not meet the regulatory definition of past relevant work. As a result of this error, Plaintiff argues, there was not substantial evidence supporting the ALJ's finding that she could perform past relevant work. *See generally* Dkt. No. 10, Pl.'s Br.

## III. DISCUSSION

**A. Standard of review**

Absent legal error, a court will uphold the Commissioner's final determination if there is substantial evidence to support it. *See* 42 U.S.C. § 405(g). The Supreme Court has defined substantial evidence to mean "'more than a mere scintilla'" of evidence and "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). Accordingly, a reviewing court "'may not substitute [its] own judgment for that of the [Commissioner], even if [it] might justifiably have reached a different result upon a de novo review.'" *Cohen v. Comm'r of Soc. Sec.*, 643 F. App'x 51, 52 (2d Cir. 2016) (quoting *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984)). In other words, "[t]he substantial evidence standard means once an ALJ finds facts, [a reviewing court may] reject those facts 'only if a reasonable factfinder would *have*

- 3 -

*to conclude otherwise.*'"  *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (quotation and other citation omitted).

To be eligible for benefits, a claimant must show that she suffers from a disability within the meaning of the Act.  The Act defines "disability" as an inability to engage in substantial gainful activity ("SGA") by reason of a medically determinable physical or mental impairment that can be expected to cause death or last for twelve consecutive months.  *See* 42 U.S.C. § 1382c(a)(3)(A).  To determine if a claimant has sustained a disability within the meaning of the Act, the ALJ follows a five-step process:

> 1) The ALJ first determines whether the claimant is engaged in SGA. *See* 20 C.F.R. §§ 416.920(b), 416.972.  If so, the claimant is not disabled. *See* 20 C.F.R. § 416.920(b).
>
> 2) If the claimant is not engaged in SGA, the ALJ determines if the claimant has a severe impairment or combination of impairments.  *See* 20 C.F.R. § 416.920(c).  If not, the claimant is not disabled.  *See id.*
>
> 3) If the claimant has a severe impairment, the ALJ determines if the impairment meets or equals an impairment found in the appendix to the regulations (the "Listings").  If so, the claimant is disabled.  *See* 20 C.F.R. § 416.920(d).
>
> 4) If the impairment does not meet the requirements of the Listings, the ALJ determines if the claimant can do her past relevant work.  *See* 20 C.F.R. § 416.920(e), (f).  If so, the claimant is not disabled.  *See* 20 C.F.R. § 416.920(f).
>
> 5) If the claimant cannot perform her past relevant work, the ALJ determines if she can perform other work, in light of her RFC, age, education, and experience.  *See* 20 C.F.R. § 416.920(f), (g).  If so, then she is not disabled.  *See* 20 C.F.R. § 416.920(g).  A claimant is only entitled to receive benefits if she cannot perform any alternative gainful activity.  *See id.*

For this test, the burden of proof is on the claimant for the first four steps and on the Commissioner for the fifth step if the analysis proceeds that far.  *See Balsamo v. Chater*, 142 F.3d 75, 80 (2d Cir. 1998) (quotation omitted).

Between steps three and four of the disability analysis, the ALJ must determine the claimant's residual functioning capacity ("RFC"), which is defined as "the most you can still do [in a work setting] despite your limitations." 20 C.F.R. § 416.945(a)(1); *see also* 20 C.F.R. § 416.920(e). The RFC analysis considers "all of your medically determinable impairments of which we are aware" even if they are not severe. 20 C.F.R. § 416.945(a)(2). The ALJ is to consider "all of the relevant medical and other evidence" in assessing RFC. 20 C.F.R. § 416.945(a)(3).

## B. ALJ's Step Four Finding

At Step Four, the ALJ asks whether Plaintiff is able to perform her past relevant work based on her RFC. *See Gutierrez v. Colvin*, No. 15 Civ. 3181, 2016 WL 3746884, *4 (S.D.N.Y. July 7, 2016). In general, "past relevant work" is defined as work that a plaintiff has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the plaintiff] to learn to do it." 20 C.F.R. § 404.1560(b)(1) (citing § 404.1565(a)). Work is not "relevant" unless it was "substantial gainful activity"; and determining whether past work was substantial gainful activity requires evaluation of "how well the claimant performed her duties, whether those duties were minimal and made little or no demand on her, what her work was worth to the employer, and whether her income was tied to her productivity." *Melville v. Apfel*, 198 F.3d 45, 54 (2d Cir. 1999).

As indicated above, Plaintiff argues that the ALJ improperly determined her work as an interpreter qualified as past relevant work under the Act. *See* Dkt. No. 10 at 4-6. According to Plaintiff, the ALJ erred because, although the record indicated that Plaintiff's "earnings were slightly less than the minimum monthly earnings requirement," the ALJ nevertheless found that

Plaintiff's work as an interpreter qualified as past relevant work.[1]  *See* AR at 22; *see also* Dkt. No. 10 at 5.  Plaintiff's argument is that the guidelines provide a mandatory minimum amount that she must earn for her former work to be considered  past relevant work.  *See* Dkt. No. 10 at 6 (stating "the math clearly shows, that the job of interpreter was being performed at less than the substantial gainful activity threshold and therefore, … cannot be considered past relevant work").

Plaintiff's argument is without merit.  The regulations clearly specify that "the fact that your earnings were not substantial will not necessarily show that you are not able to do substantial gainful activity."  20 CFR § 404.1574(a)(1).  Other courts in this district have recognized that, although the "guidelines set a floor for earnings that presumptively constitute substantial gainful activity, the ALJ may consider a claimant's past work, even if the earnings from that work fall below the guidelines."  *Parker v. Astrue*, No. 1:06-cv-1458, 2009 WL 3334341, *3 (N.D.N.Y. Oct. 14, 2009) (citations omitted); *see also Koss v. Schweiker*, 582 F. Supp. 518, 521 (S.D.N.Y. 1984) (holding that the earnings guidelines are not mandatory); *Reeder v. Apfel*, 214 F.3d 984, 989 (8th Cir. 2000) (stating that "'earnings below the guidelines will not conclusively show that an employee has not engaged in substantial gainful activity'" (quotation omitted)).  The regulatory thresholds are guidelines, not prerequisites, thus the ALJ did not err in determining that Plaintiff's former work as an interpreter constituted past relevant work.

---

[1] The record indicates that Plaintiff's annual earnings attributed to her work as an interpreter were $1,335.75 in 2006 ($111.31 per month); $6,608.73 in 2007 ($550.73 per month); and $141.57 in 2008 ($11.80 per month).  *See* AR at 191.  According to the earnings guidelines, the work was "substantial" if the amount of wages averaged to more than $860 per month in 2006; $900 per month in 2007; and $940 per month in 2008.  *See* Social Security Administration Program Operations Manual System (POMS) DD 10501.015(B), *Table 2—Nonblind Individuals Only*, available at https://secure.ssa.gov/poms.nsf/lnx/0410501015 (last visited Oct. 14, 2016).

In summary, the ALJ's decision to consider, but ultimately find inconclusive, the earnings guidelines to find that Plaintiff's prior work as an interpreter qualified as past relevant work was not error. Accordingly, the Court finds that the ALJ applied the appropriate legal standards and that there is substantial evidence supporting her finding that Plaintiff was capable of performing her past relevant work as an interpreter and, thus, was not disabled. *See Richardson*, 402 U.S. at 401.

## IV. CONCLUSION

Having reviewed the entire record in this matter, the parties' submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for judgment on the pleadings, *see* Dkt. No 10, is **DENIED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings, *see* Dkt. No. 12, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's decision is **AFFIRMED** and Plaintiff's complaint is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendant and close this case.

**IT IS SO ORDERED.**

Dated: October 19, 2016
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge